UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON LAFLAMME,<br><br>            Petitioner,<br><br>   v.<br><br>JEFF LYNCH,<br><br>            Respondent. | Case No. 2:21-cv-00756-JAM-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 11<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE FEDERAL CLAIM AND GIVING LEAVE TO AMEND WITHIN SIXTY DAYS<br><br>ECF No. 1 |

     The petitioner, Don LaFlamme, is a state prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Here, it plainly appears that petitioner is not entitled to relief. I will give petitioner an opportunity to amend before recommending that the petition be dismissed. I will also grant his application to proceed *in forma pauperis*. ECF No. 11.

The petition raises four claims and, despite my best efforts, I cannot understand either their substance or the relation between them. The first claim involves disputes with petitioner's defense attorney and petitioner's attempts to represent himself. ECF No. 1 at 5. But I cannot discern the nature of petitioner's disputes with counsel or why he believes that his constitutional rights were violated. The second claim relates to a prison disciplinary citation, which petitioner refers to as a "disciplinary," which petitioner received in 2016. *Id.* at 7. I can understand neither the context of the "disciplinary" nor its relation to the 2018 conviction. The third claim references a sealed capital charge in Kern County Superior Court. *Id.* at 8. Petitioner states that he is challenging a 2018 conviction that was obtained in Amador County, *id.* at 1, and his allegations do not explain how the sealed Kern County charge is relevant. Finally, petitioner argues that "respondent has invoked into a sealed plea bargain agreement opposing liberty interest." *Id.* at 10. Petitioner goes on to reference a 1982 conviction, but does not explain either the meaning or relevance of this claim. The exhibits that petitioner has attached shed little light on the foregoing claims. Most are comprised of prison disciplinary and grievance documents. There is a state appellate opinion, ECF No. 1-3 at 22, but the claims in the immediate petition bear no relation to the issues discussed by the California appellate opinion.

The petition, in its current form, is not comprehensible to me, and I do not expect that it would be to the respondent, either, were he to be served. At this point, it thus plainly appears that petitioner is not entitled to relief. *See Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) (holding that "cursory and vague claim[s] cannot support habeas relief"). Petitioner may file an amended petition within sixty days of this order's entry.

It is ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 11, is granted.

2. Petitioner may file an amended petition within sixty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

3. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:   June 2, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE