1
2
3
4
5
6                           UNITED STATES DISTRICT COURT
7                       FOR THE EASTERN DISTRICT OF CALIFORNIA
8

9    DON LAFLAMME,                          Case No.   2:21-cv-00756-JAM-JDP (HC)

10              Petitioner,                  FINDINGS AND RECOMMENDATIONS
                                            THAT PETITIONER'S MOTION FOR
11        v.                                RECONSIDERATION BE DENIED

12   JEFF LYNCH                             ECF No. 18

13              Respondent.

14

15          This case was dismissed for failure to prosecute, failure to obey court orders, and failure

16   to state a claim on February 9, 2022, after petitioner declined to file an amended petition as

17   directed.  *See* ECF Nos. 13, 14, & 16.   After the case was closed, petitioner filed a motion for

18   "correction of rights."  ECF No. 18.  Title notwithstanding, the substance of the filing indicates

19   that it is a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), and I

20   will treat it as such.

21          A motion to alter or amend a judgment may only be granted where "(1) the district court is

22   presented with newly discovered evidence, (2) the district court committed clear error or made an

23   initial decision that was manifestly unjust, or (3) there is an intervening change in controlling

24   law."  *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  None of these

25   circumstances apply.  Petitioner references his liberty interests under the First, Fourth, Eighth,

26   and Fourteenth Amendments to the Constitution and argues that he has been prevented from

27   appealing a right created by *Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. Sept. 1995), a case

28   litigated by a class of inmates who alleged that mental health services provided by the California

                                             1

1   Department of Corrections were so inadequate as to violate their constitutional rights.  Petitioner

2   does not explain how *Coleman*, which concerned claims under section 1983, is relevant to this

3   habeas case, however.  It is difficult to imagine a scenario in which it would be, given that the

4   dismissal in this case was predicated on petitioner's failure to comply with court orders, failure to

5   prosecute, and failure to state a viable claim in his initial petition.  ECF Nos. 11, 14, & 16.[1]  In

6   short, there is no newly discovered evidence, clear error, or intervening change in law that would

7   support altering the district court's judgment.

8         It is, therefore, RECOMMENDED that petitioner's motion for correction of rights, ECF

9   No. 18, be DENIED.

10        These findings and recommendations are submitted to the U.S. District Court Judge

11   presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of

12   Practice for the United States District Court, Eastern District of California.  Within fourteen days

13   of service of the findings and recommendations, petitioner may file written objections to the

14   findings and recommendations with the court.  That document must be captioned "Objections to

15   Magistrate Judge's Findings and Recommendations."  The District Judge will then review the

16   findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

17

18   IT IS SO ORDERED.

19

20   Dated:    June 7, 2022                                    _____
                                                              JEREMY D. PETERSON
21                                                            UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

---

[1] I note that the initial petition did not concern *Coleman*, and instead attacked a 2018 conviction obtained in the Amador County Superior Court.  ECF No. 1 at 1.